IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tim Swike, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Med-1 Solutions, LLC, an Indiana limited )<br>liability company, )<br>)<br>   Defendant. ) | No.   1:12-cv-1673<br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Tim Swike, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Tim Swike ("Swike"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt that was allegedly owed for medical services to Dr. Lang/St. Vincent.

4. Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Med-1 was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Swike.

5. Defendant Med-1 is authorized to conduct business in the State of Indiana and maintains a registered agent there, see, records from the Indiana Secretary of State, attached as Exhibit A. In fact, Med-1 conducts business in Indiana.

6. Defendant Med-1 is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant Med-1 acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On September 26, 2012 and September 29, 2012, Defendant called Mr. Swike attempting to collect a debt he allegedly owed for medical services. Mr. Swike informed Defendant's debt collector that he never received a bill from them.

8. Accordingly, on September 29, 2012, Mr. Swike, as is his right under § 1692(c) of the FDCPA sent Defendant a cease and desist letter, informing Med-1 that he refused to pay the debt. Copies of this letter, and confirmation of its delivery by the U.S. Postal Service, are attached as Group Exhibit C.

9. Nonetheless, Defendant's debt collector called Mr. Swike on October 22, 2012, in an attempt to collect the medical debt.

10. Moreover, on November 7, 2012, Defendant's debt collector, Tiffany,

called Mr. Swike to again demand payment of the medical debt. Oddly, although the debt collector confirmed to Mr. Swike that Med-1 had received Mr. Swike's September 29, 2012 letter, she could not explain why Med-1 was still calling him about the debt.

11. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the September 29, 2012 letter from Mr. Swike told Defendant to cease communications and cease collections by the refusal to pay (Group Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

15. Defendant Med-1's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Tim Swike, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Swike, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tim Swike, demands trial by jury.

Tim Swike,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 14, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com